U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

SEP 1 7 2012

CLERK, U.S. DISTRICT COURT
By_____
           Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JAIME VAZQUEZ, | § | |
| | § | |
| Movant, | § | |
| | § | |
| VS. | § | NO.  4:11-CV-756-A |
| | § | (NO.  4:08-CR-167-A) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

MEMORANDUM OPINION
and
ORDER

Came on to be considered the motion of Jaime Vazquez
("movant") under 28 U.S.C. § 2255 to vacate, set aside, or
correct sentence.  Having reviewed the motion, the record, the
government's response, and applicable legal authorities, the
court concludes that none of the grounds have merit and the
motion should be denied.

I.

Background

Movant was indicted on a single count of conspiracy to
possess to distribute more than 50 grams or more of a substance
containing methamphetamine, in violation of 21 U.S.C. §§ 846,
841(a)(1) and 841(b)(1)(B).  Movant pleaded guilty to the one-
count indictment.  Movant made several objections to the
presentence report and renewed such objections at his sentencing
hearing.  The objections relevant to movant's Section 2255 motion

are as follows:  Movant objected to (1) findings that he acquired

six to eight pounds of drugs from one source; (2) statements by a

co-conspirator, Darrel Murphy ("Murphy") that movant had made

$5,000,000 in drug sales, that Murphy had sold three to five

pounds of drugs per week for movant from November 2007 until

August 2008, and that Murphy picked up two pounds of drugs from

movant's shop to resell in Abilene, Texas; and (3) the conclusion

that he should be held responsible for 58.63 kilograms of

methamphetamine, with a base offense level of 38.  Addendum to

Presentence Report, at 1-2, 5.

Movant was sentenced to a 360-month term of imprisonment and

a five-year term of supervised release.  The court also imposed a

$25,000 fine.  Movant timely appealed his sentence, and the

United States Court of Appeals for the Fifth Circuit affirmed his

conviction and sentence on March 29, 2010.  United States v.

Vazquez, 371 Fed. App'x. 526 (5th Cir. 2010).  The Supreme Court

denied certiorari on November 1, 2010.  Movant timely filed a

motion seeking relief under 28 U.S.C. § 2255, to which the court

now turns its attention.

II.

Grounds of Motion

Movant identified four grounds for relief in his motion,

asserting that (1) he was deprived of effective assistance of

2

counsel on direct appeal because of his attorney's "failure to file a brief that complied with [Anders v. California, 386 U.S. 738 (1967)]; (2) he "received ineffective assistance of counsel relative to his decision to plead guilty rather than stand trial;" (3) his "plea colloquy did not satisfy Rule 11" and that he did not understand the nature of the charge to which he was pleading; and (4) the court "erred in failing to make findings required under 18 U.S.C. § 3572 regarding [movant's] ability to pay fine." Mot. at 5-9. In his memorandum, movant also appears to contend that the court erred in calculating his sentence by "incorrectly" applying an enhancement for movant's leadership role, determining the quantity of drugs that formed the basis for his sentence, and considering the "transaction" with a co-conspirator as relevant conduct. Mem. at 14, 24, 32. Finally, movant alleges ineffective assistance of counsel at his sentencing hearing. Id. at 43.

III.

Analysis

A.   Legal Standard for 28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164 (1982); United States v. Shaid, 937 F.2d 228, 231-32

3

(5th Cir. 1991), <u>cert. denied</u>, 502 U.S. 1076 (1992).  A defendant
can challenge his conviction or sentence after it is presumed
final on issues of constitutional or jurisdictional magnitude
only, and may not raise an issue for the first time on collateral
review without showing both "cause" for his procedural default
and "actual prejudice" resulting from the errors.  <u>Shaid</u>, 937
F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial
errors.  It is reserved for transgressions of constitutional
rights and other narrow injuries that could not have been raised
on direct appeal and would, if condoned, result in a complete
miscarriage of justice.  <u>United States v. Capua</u>, 656 F.2d 1033,
1037 (5th Cir. Unit A Sept. 1981).  In other words, a writ of
habeas corpus will not be allowed to do service for an appeal.
<u>Davis v. United States</u>, 417 U.S. 333, 345 (1974).  Further, if
issues "are raised and considered on direct appeal, a defendant
is thereafter precluded from urging the same issues in a later
collateral attack."  <u>Moore v. United States</u>, 598 F.2d 439, 441
(5th Cir. 1979) (citing <u>Buckelew v. United States</u>, 575 F.2d 515,
517-18 (5th Cir. 1978)).

B.   <u>Ineffective Assistance of Counsel Claims</u>

To prevail on an ineffective assistance of counsel claim,
movant must show (1) that his counsel's performance fell below an

4

objective standard of reasonableness and (2) that there is a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984).  Both prongs of the Strickland test must be met to demonstrate ineffective assistance.  Id. at 697.  Further, "[a] court need not address both components of an ineffective assistance of counsel claim if the movant makes an insufficient showing on one."  United States v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000).  "The likelihood of a different result must be substantial, not just conceivable," Harrington v. Richter, 131 S. Ct. 770, 792 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result."  Cullen v. Pinholster, 131 S. Ct. 1388, 1403 (2011) (quoting Strickland, 466 U.S. at 686)).  Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance.  Strickland, 466 U.S. at 689.

In his first ground, movant contends that his appellate counsel "filed a brief that did not raise any specific grounds for appeal but only requested that the appellate court review the

record for errors patent on [its] face." Mem. at 2.  More
specifically, he argues that his attorney was ineffective in (1)
"failing to appeal the trial court's application of the
sentencing guidelines" and (2) failing to appeal the court's
consideration of "dismissed charges" in determining movant's
sentence.  Mem. at 4-5.  However, the government correctly points
out that movant's assertions misstate the record.  Resp. at 8.;
Vazquez, No. 09-10292 (5th Cir. Sept. 16, 2009).  As far as the
court's application of sentencing guidelines, movant's attorney
argued extensively on appeal that court's application of such
guidelines was in error.  Vazquez, No. 09-10292, at 5-16.  His
attorney presented the relevant facts and legal issues, and made
sound, well-researched arguments.  Id.  The fact that movant was
ultimately unsuccessful in his appeal does not warrant a
conclusion that counsel was deficient, and movant alleges no
facts that would support such a conclusion.

As far as the attorney's failure to raise the issue
concerning movant's supposed "dismissed charges," such an
argument clearly would have been meritless.  As the government
notes, there were no "dismissed charges" in movant's case, but
even if there had been such charges, the court has the discretion
to consider a wide variety of information and conduct in making a
sentencing determination.  Resp. at 9; 18 U.S.C. § 3661.  Such

information and conduct includes past criminal behavior, whether or not such behavior resulted in a conviction. <u>United States v. Watts</u>, 519 U.S. 148, 151. <u>See also</u>, U.S. Sentencing Guidelines Manual § 1B1.4 (2011). Thus, there is nothing from the record, movant's motion or memorandum, or movant's brief on appeal to provide any indication that movant was deprived of the effective assistance of counsel on appeal, and this claim must fail.

Movant next claims that his counsel was deficient in the context of movant's decision to plead guilty to the charged offense, both at his rearraignment and his sentencing hearing. Mot. at 7; Mem. at 16. Movant asserts that he was "incorrectly advised" advised to accept a plea offer, and that "he would not have accepted the plea offer had he known his true sentencing exposure at the change of plea hearing." Mot. at 7; Mem. at 16. Movant's claim asserting that his attorney incorrectly advised him to plead guilty is nothing more than a bare assertion, as movant simply alleges that his attorney misunderstood the sentencing guidelines, but he provides no facts whatsoever that could support this allegation. Mem. at 16.

Movant next complains that his attorney was ineffective in objecting to the quantity of drugs for which movant was responsible, and specifically that his attorney failed "to present a valid argument for exclusion of the prior drug

7

transaction" involving a co-conspirator named Murphy ("Murphy").
Id. at 23.   Movant spends minimal time alleging that his attorney
was deficient in focusing his objection on Murphy's credibility,
Id., but uses numerous pages alleging that his transaction with
Murphy should not be considered relevant conduct.   Id. at 24-32.
Here, movant also attempts to revive claims from his direct
appeal, that the court erred in (1) determining the quantity of
drugs attributed to movant; and (2) applying a four-level
enhancement for movant's leadership role.   Mem. at 14, 24-32.

To the extent movant challenges the court's determination of
the drug quantity and the leadership enhancement, those issues
were decided on direct appeal, and movant is barred from pursuing
them in a Section 2255 motion.   See United States v. Kalish, 780
F.2d 506, 508 (5th Cir. 1986) ("[I]ssues raised and disposed of
in a previous appeal from an original judgment of conviction are
not considered in § 2255 Motions.").   To the extent movant
attempts to fault his attorney for failing to validly object to
the quantity of drugs attributed to movant, the record
demonstrates that movant's attorney objected strongly to such
quantity of drugs, including the fact that the quantity was
derived primarily from movant's dealings with Murphy.   These
objections were made both in movant's objections to the pre-
sentence report, filed with the court, and also at movant's

8

sentencing hearing.   See Def.'s Objections to Pre-sentence
Report, at 1-2, 4-5; Sentencing Tr. at 9-10, Mar. 20, 2009.
Movant claims that his attorney failed to present evidence to
refute the 58.32 kilogram quantity of drugs; however, movant does
not identify any evidence that his attorney
could have presented.   Such conclusory allegations cannot support
a claim for ineffective assistance of counsel under Strickland.

>    C.   Claim that Movant's Guilty Plea Was Not Knowing and
>         Voluntary

Next, movant claims that his plea colloquy failed to satisfy
Rule 11 of the Federal Rules of Criminal Procedure, and that the
court "failed to ensure that he understood the nature of the
conspiracy charge to which he was pleading." Mot. at 8.   For a
guilty plea to be knowing and voluntary, the defendant must have
"a full understanding of what the plea connotes and of its
consequence." United States v. Hernandez, 234 F.3d 252, 255 (5th
Cir. 2000)(internal quotations and citations omitted). However,
"[t]he defendant need only understand the direct consequences of
the plea; he need not be made aware of every other consequence
that, absent a plea of guilty, would not otherwise occur." Id.
"The consequences of a guilty plea, with respect to sentencing,
mean only that the defendant must know the maximum prison term
and fine for the offense charged." Ables v. Scott, 73 F.3d 591,

592 n.2 (5th Cir. 1996)(internal quotations omitted). The
defendant's representations, as well as those of her lawyer and
the prosecutor, and any findings by the judge in accepting the
plea, "constitute a formidable barrier in any subsequent
collateral proceedings." <u>Blackledge v. Allison</u>, 431 U.S. 63, 73-
74 (1977).  Solemn declarations in open court carry a strong
presumption of truthfulness, and a defendant bears a heavy burden
to show that the plea was involuntary after testifying to its
voluntariness in open court. <u>Deville v. Whitley</u>, 21 F.3d 654, 659
(5th Cir. 1994).

    Movant claims that he was confused, and that a review of his
rearraignment demonstrates such confusion; however, the record
clearly establishes otherwise.  The court properly admonished
movant of (1) his constitutional rights; (2) his potential
sentence; (3) the role of the sentencing guidelines and the judge
in determining a sentence; (4) the consequences of waiving his
rights and pleading guilty; (5) the nature of the charge he
intended to plead guilty to and the elements to that charge; and
(6) the factual basis for his guilty plea.  Factual Resume;
Rearraignment Tr. at 5-14, 16-22, Dec. 5, 2008.  The factual
resume, which movant signed and stated under oath that he had
read and understood, clearly provided movant's potential
penalties, the elements of the offense including that the

quantity of drugs exceeded 50 grams, and facts demonstrating that movant was guilty of the offense.   Factual Resume at 1-2.

Movant's statements at his rearraignment show that he made his plea voluntarily, knowingly, and intelligently.   Movant stated that he understood all the court's explanations about the sentencing process, including the fact that the court would rely heavily on the presentence report in determining movant's sentence, that his sentence "could be as much as 40 years," and that he would be bound by his guilty plea even if his sentence was "more severe than [he] hoped it would be."   Rearraignment Tr. at 14, 21, 22.   The court specifically asked movant whether he understood that he was at the hearing "with the intent to plead guilty to the offense charged by the indictment of this case of conspiracy to distribute . . . 50 grams or more of methamphetamine," to which movant replied, "Yes, sir."   Id. at 16-17.   The court further went over each element of the offense with movant, after which movant stated that he understood what the government would have to prove and that he admitted all the facts to prove the elements existed in his case.   Id. at 18-19.

Movant claims that there was evident confusion in his exchange with the court regarding who he conspired with and what a conspiracy is; however, the transcript indicates no confusion on the part of movant.   Mem. at 35-36; Tr. at 19-20.   The court

11

questioned movant about who he conspired with and what activity
took place; movant simply answered the court's questions and
thereby established that he indeed had conspired as stated in the
factual resume.  Tr. at 19-20.  Thus, movant's claim that he
entered a guilty plea unknowingly and that Rule 11 was not
satisfied must fail.

      D.   <u>Claim Regarding Imposition of Fine</u>

    Movant next claims that the court "erred in failing to make
findings required under 18 U.S.C. § 3572 regarding [movant's]
ability to pay fine."  Mot. at 9.  However, "the types of claims
cognizable under § 2255 [are] limited to 'claims relating to
unlawful custody,' not those relating 'only to the imposition of
a fine.'" <u>United States v. Hatten, 167 F.3d 884, 887</u> (5th Cir.
1999) (quoting <u>United States v. Segler</u>, 37 F.3d 1131, 1137 (5th
Cir. 1994)).  Thus, movant cannot challenge the court's
imposition of a fine, and this claim must fail.

IV.

Order

Therefore,

The court ORDERS that the motion of Jesus Francisco Chavez-Salgado to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 be, and is hereby, denied.

SIGNED September 17, 2012.

_____
JOHN McBRYDE
United States District Judge